# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

*United States v. Mark Allen Johnson*
Case No. 3:21-cr-00021-TMB-MMS-1

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

This matter comes before the Court on Defendant Mark Allen Johnson's Motion to Renew Motion for 17(c) Subpoena (the "Renewed Motion").[1] On January 19, 2023, Johnson filed a Motion for Subpoena *Duces Tecum* for Alaska Regional Hospital Records (the "Motion"), requesting the Court issue a subpoena under seal and on an expedited basis.[2] The Court denied the Motion without prejudice, finding that Johnson had failed to comply with the notice requirement of Federal Rule of Criminal Procedure ("Rule") 17(c)(3).[3] On February 2, 2023, Johnson filed the Renewed Motion; the United States (the "Government") does not oppose the Motion or the Renewed Motion.[4]

On February 9, 2023, the Court issued a text order directing the parties to file a joint motion to include a protective order and request for *in camera* review of the documents produced by the third-party subpoena.[5] Following this directive, the Government filed a Joint Motion for Protective Order (the "Joint Motion") and a Joint Notice Re *In Camera* Review (the "Joint Notice").[6] Almost one month later, Johnson filed a Joint Status Report with an update confirming that the parties had complied with the Rule 17(c)(3) notice requirements.[7] For the reasons stated below, the Court **GRANTS** the Renewed Motion at Docket 79 and the Joint Motion at Docket 81, and **ACCEPTS** the Joint Notice at Docket 82 and the Joint Status Report at Docket 85.

On August 30, 2021, Johnson pleaded guilty to Felon in Possession of Firearms and Ammunition.[8] On August 31, 2022, the Court continued Johnson's Imposition of Sentence proceedings and directed the parties to file supplemental briefing regarding the assault allegations previously

---

[1] Dkt. 79 (Renewed Motion).
[2] Dkt. 68 (Motion); Dkt. 69 (Sealed Subpoena); Dkt. 70 (Motion for Leave to File Under Seal); Dkt. 71 (Motion for Expedited Consideration); Dkt. 73 (Defendant's Response to Court Order).
[3] Dkt. 77 (Order Denying Motion Without Prejudice); Dkt. 78 (Text Order).
[4] Dkt. 75 (Government Response); *see generally* Dkt. 68; Dkt. 79.
[5] Dkt. 80. (Text Order).
[6] Dkt. 81 (Joint Motion for Protective Order); Dkt. 82 (Notice re *In Camera* Review).
[7] Dkt. 85 (Joint Status Report).
[8] *See* 18 U.S.C. §§ 922(g)(1), 924(a)(2); Dkt. 2 (Indictment); Dkt. 26 (Minute Entry).

1

asserted against Johnson by alleged victim L.T.[9] The parties filed supplemental briefing and the Court set an evidentiary hearing on the matter.[10]

On January 19, 2023, Johnson filed the Motion, requesting the Court issue a "subpoena duces tecum to compel the production of L.T.'s medical records."[11] Johnson contended that these records were relevant to his upcoming evidentiary hearing and sentencing "because they bear on the credibility of L.T. and are likely to contain statements to medical professionals regarding [the assault]."[12] Accordingly, Johnson asked the Court to compel third party Alaska Regional Hospital to release all medical records for L.T. between February 1, 2020 and July 10, 2020.[13]

The Government did not oppose the Motion but asked the Court to "order [Johnson] to provide any material received in response to the [G]overnment in discovery in sufficient time to prepare for the evidentiary hearing."[14]

The Court denied the Motion without prejudice, holding that Johnson had failed to comply with the requirements of Rule 17(c)(3) because he had not provided L.T. with notice and an opportunity to respond to the subpoena as required by the rule.[15] The Court stated that neither Johnson nor the Government had alleged "exceptional circumstances" to justify issuing the subpoena without notice to the victim at issue.[16]

In the Renewed Motion, Johnson informs the Court that "L.T. has absconded from probation and has multiple active warrants."[17] Johnson asserts that he "has undergone significant efforts to locate L.T. and to apprise her of the subpoena he is seeking."[18] Johnson outlines his efforts, which include: (1) contacting her state attorney, (2) attempting to contact her relatives, (3) and trying to "discern her current whereabouts through different databases."[19] Johnson indicates that the Government has also been unable to locate L.T.[20]

During these location attempts, Johnson provided Kevin Coe, L.T.'s state counsel, with the proposed subpoena. Coe conveyed to Johnson that "he had not been in recent contact with L.T." but would attempt to relay the message to her.[21] In a subsequent email, Coe stated that he believed that L.T. "would be opposed to the disclosure of these records out of both privacy and safety

---

[9] Dkt 47 (Text Order); Dkt. 52 (Minute Entry).
[10] Dkt. 55 (Government Supplement); Dkt. 56 (Johnson Supplement); Dkt. 61 (Government Response); Dkt. 62 (Johnson Response); Dkt. 65 (Sealed Exhibits); Dkt. 66 (Minute Entry).
[11] Dkt. 68 at 1–2.
[12] *Id.* at 2.
[13] Dkt. 69 (Sealed Proposed Subpoena).
[14] Dkt. 75 at 1.
[15] Dkt. 77 at 2.
[16] *Id.*
[17] Dkt. 79 at 2.
[18] *Id.*
[19] *Id.*
[20] *Id.*
[21] *Id.* at 3.

2

concerns."[22] Coe then requested, on L.T.'s behalf, that the Court "review the records in-camera prior to disclosing them" and "redact any portions that are not relevant for the federal case."[23] To protect L.T.'s privacy and safety, Coe specifically requested that "any records disclosed" also be subject to a protective order to ensure that they not be distributed to Johnson.[24]

In response to L.T.'s state counsel, the parties filed the Joint Motion, asking the Court to "issue an order prohibiting the alleged victim's medical records from Alaska Regional Hospital, or copies thereof, from being left in the custody of the defendant and/or being distributed, shown, or made available to individuals other than the defense attorney(s), prosecutor(s), their staffs, their investigators, or experts or consultants specifically retained by either party."[25] Further, the parties request "that the order require counsel to advise all members of The Defense and Prosecution Teams of the terms of this protective order and require all members of The Defense and Prosecution Teams to abide by it."[26]

In the Joint Notice, the parties assert that the protective order proposed in the Joint Motion is "sufficient to protect L.T.'s privacy" and "there is no need for *in camera* review in this case."[27]

On March 20, 2023, the parties filed a Joint Status Report, clarifying that Johnson was recently able to locate L.T. and had provided her with a copy of the third-party subpoena through Coe. After notifying L.T., Coe communicated that L.T had "indicated that [he could] accept service of materials related to this issue on her behalf" and that she had "privacy and safety concerns," and "would like the records to remain as private/confidential as possible."[28]

Under Federal Rule of Criminal Procedure ("Rule") 17(c)(1), a subpoena may compel production of "any books, papers, documents, data, or other objects." Rule 17(c)(3) provides that

> [a]fter a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

Considering that the parties have now located L.T. and provided her with notice of the subpoena and meaningful time to respond, the Court finds that the parties have satisfied the Rule 17(c)(3) notice requirement. Accordingly, and because the Joint Motion provides a protective order that aligns with L.T.'s privacy and safety concerns, the Court **GRANTS** the Renewed Motion at

---

[22] *Id.* (quoting Coe email).
[23] *Id.*
[24] *Id.* at 4.
[25] Dkt. 81 at 1–2.
[26] *Id.* at 2.
[27] Dkt. 82 at 1–2.
[28] Dkt. 85 at 1.

Docket 79 and the Joint Motion at Docket 81 and **ACCEPTS** the Joint Notice at Docket 82 and the Joint Status Report at Docket 85. THEREFORE, the sealed Subpoena *Duces Tecum* at Docket 69-1 shall be issued, directing Alaska Regional Hospital to produce the medical records for L.T. from February 2020 through July 10, 2020. The parties should confer and file a joint request for hearing once they are ready to proceed with the Evidentiary Hearing.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: March 14, 2023.